OSCN Found Document:FORD MOTOR CREDIT CO. v. KURZ

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 FORD MOTOR CREDIT CO. v. KURZ
2015 OK CIV APP 16
Case Number: 111687
Decided: 01/22/2015
Mandate Issued: 03/02/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 16, __ P.3d __

 
FORD MOTOR CREDIT COMPANY, Plaintiff/Appellant,
v.
NICHOLAS J. KURZ, Defendant/Appellee.
APPEAL FROM THE DISTRICT COURT OF MURRAY COUNTY, OKLAHOMA
HONORABLE WALLACE COPPEDGE, JUDGE
REVERSED AND REMANDED
Tracy Cotts Reed, LOVE, BEAL & NIXON, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant,
Nicholas J. Kurz, Sulphur, Oklahoma, Pro Se.
Bay Mitchell, Presiding Judge:
¶1 Plaintiff/Appellant Ford Motor Credit Company (Ford) appeals the trial court's Order entering judgment in favor of Defendant/Appellee Nicholas J. Kurz (Kurz). On appeal, Ford argues the trial court erred by applying the three-year statute of limitations, 12 O.S. 2011 §95, to its proceeding to enforce a foreign judgment filed under the Uniform Enforcement of Foreign Judgments Act, 12 O.S. 2011 §719 et seq. (Act). This appeal is submitted on Ford's brief only. Finding the arguments set forth in Ford's brief reasonably support its allegation of error on appeal, we reverse the judgment of the trial court.
¶2 Ford and Kurz entered into a contract in which Ford agreed to extend credit to Kurz for the purchase of a vehicle. When Kurz failed to pay as agreed, Ford repossessed the vehicle, sold it at auction, and attempted to collect the deficiency and its costs from Kurz. On June 26, 2007, the Circuit Court of Cass County, Missouri entered default judgment in favor of Ford.
¶3 On November 8, 2011, Ford registered the Missouri judgment in the District Court of Murray County, Oklahoma in accordance with the Act and attempted to collect on the judgment via a one-time bank garnishment. Kurz filed a petition asking the Murray County court to vacate the Missouri judgment, to stay the execution of the judgment, or, alternatively, to sustain his claim for exemption from Ford's garnishment. The trial court ordered all but $474.98 of the funds captured in the bank garnishment to be returned to Kurz and ordered the parties to submit briefing before further hearing on Kurz's petition. At the hearing on November 1, 2012, the trial court ruled that 12 O.S. 2011 §95(A)(2) applied and that the three-year statute of limitations had run prior to Ford's registration of the foreign judgment.[1] This appeal springs from the March 28, 2013 Order memorializing the court's ruling.
¶4 This appeal proceeds on Ford's brief only. When a case comes before this Court on the appellant's brief alone, and said brief reasonably supports the allegations of error, we are not obligated to search the record for a theory on which to sustain the trial court's judgment. Reversal is not automatic for appellee's failure to file an answer brief, however, and we will affirm the trial court's judgment if the appellant's brief does not support the claimed errors. See Branch v. AmeriResource Group, Inc., 2001 OK CIV APP 86, ¶20, 29 P.3d 605, 613-14; see also Hamid v. Sew Original, 1982 OK 46, ¶7, 645 P.2d 496, 497.
¶5 Ford's sole proposition of error is that the trial court erred by applying §95 to a foreign judgment registered in accordance with the Act. In Producers Grain Corp. v. Carroll, 1976 OK CIV APP 3, 546 P.2d 285, Division I of the Court of Civil Appeals considered this issue. There, the trial court ruled that the three-year statute of limitations in §95 precluded enforcement of a foreign judgment. Id., ¶4, 546 P.2d at 286. The Court of Civil Appeals reversed, holding that §95 applies only to civil actions brought on a foreign judgment, and a foreign judgment filed pursuant to the Act is not a civil action within the meaning of §95. Id., ¶10, 546 P.2d at 287. The Court noted the Act was designed to present an alternative to the traditional method of enforcing foreign judgments by separate lawsuit and that the Act itself distinguishes between an action on a foreign judgment and a proceeding to enforce a judgment under its provisions. Id., ¶¶10-11, 546 P.2d at 287-88; see also 12 O.S. 2011 §725 ("The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this act remains unimpaired.").
¶6 We find Producers Grain Corp. persuasive and hold the three-year statute of limitations is inapplicable to a foreign judgment registered under the Act.[2] The trial court erred by applying §95.
¶7 REVERSED AND REMANDED.
HETHERINGTON, C.J., and JOPLIN, J., concur. 
FOOTNOTES
[1] Section 95(A)(2) provides, in part, as follows: 
A. Civil actions . . . can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: 
. . . 
2. Within three (3) years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty; and an action on a foreign judgment. 
[2] A limitations period for the enforcement of Ford's judgment in this case would be the five-year period provided in 12 O.S. 2011 §735, Oklahoma's dormancy statute. "[A] foreign judgment which is enforceable at the time the judgment creditor registers the foreign judgment in Oklahoma will be considered, for the purposes of enforcement, as a new judgment of this state to which Oklahoma's five year dormancy statute will apply. Once filed, the foreign judgment becomes a judgment of this state and 'shall [be] treat[ed] . . . in the same manner as a judgment of the district court of any county of this state.'" Drllevich Const., Inc. v. Stock, 1998 OK 39, ¶20, 958 P.2d 1277, 1281. However, as provided in §735, that five-year period may be extended so as to keep the judgment viable.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2001 OK CIV APP 86, 29 P.3d 605, 72 OBJ 2199, BRANCH v. AMERIRESOURCE GROUP, INC.
Discussed
 1976 OK CIV APP 3, 546 P.2d 285, PRODUCERS GRAIN CORPORATION v. CARROLL
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
 1998 OK 39, 958 P.2d 1277, 69 OBJ 1788, DRLLEVICH CONSTRUCTION, INC. v. STOCK
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 95, Limitation of Other Actions
Discussed
 12 O.S. 719, Short Title
Cited
 12 O.S. 725, Optional Procedure
Cited
 12 O.S. 735, Must Be Issued within Five Years or Judgment Becomes Dormant - Inapplicable to Municipalities
Cited